JANE RAYBURN, ET AL., *v.* WILLIAM NEWELL, ET AL.

**Partnership Debts—Dissolution of Firm.**

> When after dissolution of a partnership a note is executed by one of the partners in the firm name to evidence a partnership debt, if the collection of the note is defeated because of a plea of non est factum being interposed, the creditor may sue on his account and recover such debt.

APPEAL FROM PULASKI CIRCUIT COURT.

January 15, 1880.

OPINION BY JUDGE PRYOR:

Newell and Jones were liable for the amount for which the note for $278 was executed, as they were the surviving partners of the firm of Newell, Jones & Co. When this amount was included in the note given for a debt due by Newell & Jones to the appellant (another and different firm), it did not extinguish the debt, as Jones had no authority to make the last named firm responsible. The original liability was at no time extinguished or suspended, for the reason that as to the $278 the notes were executed without authority. The institution and trial of the action on the $710 note developed the fact that Jones had no power to bind the appellee on any obliga-

tion for the debt due Newell, Jones & Co., and for that reason Newell was released from the payment of the large note to that extent.

This left the debt due by the first named firm, Newell, Jones & Co., to the appellant, still existing, and as surviving partners Newell and Jones were liable for it. It is alleged that they both promised to pay the debt to the plaintiffs, and we think it would be a technical construction of the pleading to say that the allegation made in this record was not sufficient to show that the promise was made to the plaintiffs. The allegation that the defendants promised to pay plaintiffs is alleging, in substance, that the promise was to the plaintiff. It is immaterial whether the promise was made before or after the trial on the large note. Newell was not bound on the note for the $278, nor was the firm of Newell & Jones, and therefore their promise, if made, must be considered without regard to the pendency of the action on the note for $710. It was not necessary to make the record of that action a part of the petition. The parties having no right to give the note, the appellant, being defeated on the plea of non est factum, could resort to her action of assumpsit to recover the amount due for services rendered.

Suppose the entire note had been executed after the dissolution of the first named firm for a debt due by that firm, and the plea of non est factum had been interposed; while it would have defeated a recovery on the writing, the parties would have been remanded to their action on the original contract for work and labor performed and services rendered. The appellant was not required to amend by setting up an original cause of action, and the judgment cannot be pleaded in bar of the recovery if the facts alleged are proven.

Judgment *reversed* and cause remanded for further proceedings.

*Curd & Waddle, for appellants. Morrow & Newell, for appellees.*